UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL HALL AND SHAUNA HALL, ) | |
| ) | Case No. |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CREDIT MANAGEMENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs, Michael and Shauna Hall, individual consumers, against Defendants, Credit Management Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. Sec. 1692 (d) and 28 U.S.C. Sec. 1337. Declaratory relief is available pursuant to 28 U.S.C. Sec. 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Michael Hall and Shauna Hall, are natural people residing in Fremont, Dodge County, Nebraska.

4. Defendant, Credit Management Services, Inc., is a Nebraska corporation engaged in the business of collecting debt in this state with its principal place of business located at 105 N. Wheeler, Grand Island, NE. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, Credit Management Services, Inc., (herein after CMS) is engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Sec. 1692 a (6).

IV. FACTUAL ALLEGATIONS

6. By correspondence from CMS, the defendant sent a collection letter to Michael and Shauna Hall demanding payment of a debt in the amount of $768.35 allegedly due Tri-Valley Dental. Shauna Hall sent a letter disputing this debt and copy is attached as Exhibit A.

7. CMS sent another letter to plaintiffs stating CMS had received the written dispute from plaintiff but enclosed an itemized bill from Tri-Valley Dental "verifying" the debt. The letter and itemized bill are attached as Exhibit B.

8. The itemized bill actually shows exactly what Shauna Hall stated in her dispute letter, that Tri-Valley Dental had not done the work and had to repay the insurance company on 3/20/2008 for work not completed. CMS apparently did not read the itemized bill or ignored what was read. CMS continued to state these claims during the trial on May 4, 2009.

9. CMS sued Michael and Shauna Hall regarding this debt in Dodge County, Nebraska, Case Number CI08-1489. Michael and Shauna Hall appeared pro se during this proceeding. CMS apparently did not review the debt prior to demanding payment and continued pursuing the debt for Tri-Valley Dental. CMS continued to state these claims during the trial on May 4, 2009.

10. Throughout the discovery process, Shauna Hall continually stated that the work was never done and that she shouldn't have to pay for work not done.

11. The Dodge County Court found for Michael and Shauna Hall regarding the debt because the work had never been completed. The court determined that Michael and Shauna Hall did not owe the debt and the complaint was dismissed.

12. During the entire time of one and a half years that the case was pending, CMS made derogatory reports regarding this debt to the credit reporting agencies. The derogatory reports were made until the case was decided in June, 2009. This debt during the entire time was disputed and should have been reported as such.

13. As a result, plaintiffs Michael and Shauna Hall suffered monetary damages as a result of the derogatory reports because they were not able to refinance their mortgage at a lower interest rate and because they had to pay a higher interest rate during this time for a purchase that was financed.

V. CLAIM FOR RELIEF

14. Plaintiffs repeat and reallege and incorporate by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to,

the following:

a. Defendants violated 15 U.S.C. Sec 1692e by not reviewing the debt prior to demanding payment and continued to violate the statute until the trial of May 4, 2009.
b. Defendants violated 15 U.S.C. Sec. 1692 e (8) each and every month until June 2009, by failing to report to a third party (credit reporting agencies) that the debt was disputed.

16. As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiffs, Michael and Shauna Hall for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, plaintiffs, Michael and Shauna Hall respectfully requests that judgment be entered against defendants, Credit Management Services, Inc. for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA;
B. Actual damages;
C. Statutory damages pursuant to 15 U.S.C. Sect 1692k;
D. Costs and reasonable attorney fees pursuant to 15 U.S.C. Section 1692k; and
E. For such other and further relief as the Court may deem just and proper.

Dated this 23rd day of May, 2010.

Michael Hall and Shauna Hall, Plaintiffs

By: __/s/ Rebecca Abell Brown_____
Rebecca Abell Brown, #22317
Attorney for Plaintiffs
1941 E 8th Street
Fremont, NE 68025
(402)721-2198
(402)720-8375 cell
(888)291-0219 fax
babellbrown@gmail.com