**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| MICHAEL HALL AND SHAUNA HALL, | Case No.: 8:10-cv-00171—LSC-FG3 |
| Plaintiffs, | |
| vs. | **ANSWER OF CREDIT MANAGEMENT SERVICES, INC.** |
| CREDIT MANAGEMENT SERVICES, INC., | |
| Defendant. | |

Defendant Credit Management Services, Inc. (CMS), for its Answer to Plaintiffs' Complaint, states and alleges as follows:

1. Denies each and every matter, thing, and allegation set forth in Plaintiffs' Complaint, except as hereinafter specifically admitted, qualified or alleged.

2. In response to ¶1, admits that Plaintiffs are attempting to bring a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, but denies that CMS violated the FDCPA.

3. In response to ¶2, admits that this Court has jurisdiction over the claim alleged and that venue is proper, but denies that declaratory relief is available.

4. Admits, upon information and belief, the allegations in ¶3.

5. In response to ¶4, admits that CMS is a Nebraska corporation doing business as a collection agency in Grand Island, Nebraska.

6. In response to ¶5, admits that CMS regularly uses the mail and telephone to collect debts, and states that the allegation in the last sentence regarding whether the subject

account falls within the definitions of the FDCPA constitutes a legal conclusion to which no response is required.

7. In response to ¶6, admits that CMS sent written notice to Plaintiffs concerning a debt to Tri-Valley Dental, based on information provided by Tri-Valley Dental to CMS, and admits that Mrs. Hall responded with a letter, which speaks for itself.

8. In response to ¶7, admits that CMS sent written notice to Plaintiffs validating the debt, which notice speaks for itself.

9. In response to ¶8, admits only that the itemized statement shows a refund to the insurance company for the reason that the dental work was not completed, admits that CMS continued to state that the debt was valid up to the time of trial, and denies the remaining allegations.

10. In response to ¶9, admits that CMS commenced a collection action which speaks for itself, admits that Plaintiffs defended that action *pro se*, admits that CMS pursued its claim to trial, and denies the remaining allegations.

11. In response to ¶10, admits that Mrs. Hall defended the collection action by contending that she should not be required to pay for dental work that was not completed.

12. In response to ¶11, admits that district court ruled that CMS had not met its burden of proof with respect to the dental bill, pursuant to an Order which speaks for itself, and denies the remaining allegations.

13. Denies the allegations as stated in ¶12.

14. Denies the allegations as stated in ¶13, except lacks sufficient information to admit or deny the allegations as to whether Plaintiffs attempted to refinance their mortgage or were unsuccessful in doing so.

15. In response to ¶14, CMS incorporates its prior responses.

16. Denies the allegations as stated in ¶¶ 15-16.

17. Alleges that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

18. Alleges that Plaintiffs' Complaint is barred by the applicable one year statute of limitations.

19. Alleges that Plaintiffs' claims are barred by litigation privileges and immunities.

20. Alleges that even assuming a violation of the FDCPA occurred, which is denied, Plaintiffs' damages are limited under the FDCPA.

21. Alleges that Plaintiffs failed to mitigate their claimed damages.

22. Alleges that even if CMS violated any provision of the FDCPA, such violation was the result of a *bona fide* error despite procedures reasonably adopted to avoid such error.

23. Defendant CMS reserves the right to assert further defenses as revealed in discovery and as the case progresses.

**WHEREFORE,** Defendant Credit Management Services, Inc., demands that judgment be entered dismissing this case with prejudice and on the merits, and that it be awarded its attorneys' fees, costs and disbursements incurred herein.

BASSFORD REMELE
*A Professional Association*

Dated: May 28, 2010     By s/Christopher R. Morris
Michael A. Klutho (MN License #186302)
Christopher R. Morris (MN License #230613)
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota  55402-3707
(612) 333-3000
mklutho@bassford.com
cmorris@bassford.com

AND

John M. Guthery (NE License #11638)
Perry, Guthery, Haase, and Gessford
233 South 13th Street, Suite 1400
Lincoln, Nebraska 68508
jguthery@perrylawfirm.com
Tel: 402/476-9200
Fax: 402/476-0094

*Attorneys for Defendant*
*Credit Management Services, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**CERTIFICATE OF SERVICE**

      I hereby certify that on *May 28, 2010* I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

Rebecca Abell Brown, Esq.
1941 E 8th Street
Fremont, NE 68025
babellbrown@gmail.com

and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None


By: s/Christopher R. Morris
Michael A. Klutho (License #186302)
mklutho@bassford.com
Christopher R. Morris (License #230613)
cmorris@bassford.com
BASSFORD REMELE, A Professional Association
33 South Sixth Street, Ste. 3800
Minneapolis, MN  55402
    612-333-3000 -- Phone
    612-333-8829 – Fax